BUREN RAY v. THE STATE.

No. 2825.    Decided June 22, 1904.

**Charge of the Court—Murder and Manslaughter.**

Where the charge of the court as given authorized a conviction for murder in the second degree upon facts which would constitute only manslaughter, the judgment will be reversed and the cause remanded.

Appeal from the District Court of Wood. Tried below before Hon. R. W. Simpson.

Appeal from a conviction of murder in the second degree; penalty, eighteen years imprisonment in the penitentiary.

The opinion states the case.

*M. D. Carlock*, for appellant.—Turner v. State, 16 Texas Crim. App., 378; Harris v. State, 8 Id., 90; Douglass v. State, Id., 520; Neyland v. State, 13 Id., 536.

*Howard Martin*, Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This conviction was for murder in the second degree, eighteen years in the penitentiary being the punishment allotted. The State's case showed there had been some previous ill will between deceased, Lindley, and appellant, growing out of a small financial transaction; that they had been in town the day of and preceding the killing; that deceased left town first in a wagon with two friends. Appellant overtook and passed them, going to his home, where he obtained a gun; came out and waited by the roadside until deceased came along, when he shot and killed him. Defendant defended against malice and murder, upon the theory that the killing was manslaughter; and introduced his wife and grandmother, who testified to insulting conduct, language and propositions by deceased to appellant's wife, which occurred a month or such a matter before the homicide, but communicated to defendant for the first time upon his reaching home from town a very short time prior to the killing. This was the first meeting. It is not proposed to go into any detailed statement of these facts.

Under this state of facts the court charged the jury in regard to murder in the second degree partly as follows: "If you believe from the evidence beyond a reasonable doubt that defendant with a deadly weapon or instrument reasonably calculated and likely to produce death by the mode and manner of its use, in a sudden transport of passion aroused without adequate cause, with the intent to kill, did shoot with a gun and thereby kill T. J. Lindley, as charged in the indictment; or if you shall find beyond a reasonable doubt that defendant did with a gun, the same being then and there a deadly weapon or instrument reasonably calculated and likely to produce death by the mode or manner of its use, did unlawfully shoot and thereby kill T. J. Lindley; and if you further find that such killing was not upon express malice, as hereinbefore defined and explained; or if you have a reasonable doubt as to whether such killing was upon express malice, you will find him guilty of murder in the second degree." Exception was reserved to the latter clause of this charge, commencing with the language, "or if you shall find beyond a reasonable doubt that defendant did with a gun, the same being then and there a deadly weapon," etc.—because it authorized the jury to convict appellant of murder in the second degree upon facts which would relegate it to manslaughter. In other words, if the jury should find that he killed deceased not upon express malice, or if there is a doubt whether he killed him upon express malice, he would be guilty of murder in the second degree. This simply authorizes the conviction of murder in the second degree upon an unlawful killing where express malice is not shown. It is not every unlawful killing not upon murder in the first degree that constitutes murder in the second degree. Murder in the second degree is constitued by the absence of express malice on the one side, and mitigation, extenuation, excuse or justification on the other. This charge as given authorized a conviction for murder in the second degree upon facts which would constitute only manslaughter,

because manslaughter' is as much unlawful as murder in the second degree, the difference only being in the degree of culpability or unlawfulness. For this error the judgment must be reversed.

The action of the court refusing a continuance will not be revised, because it may not occur upon another trial. The witness may be obtained.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*